UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEAVY & GENERAL LABORERS' LOCAL 472 & 172 PENSION AND ANNUITY FUNDS et al., individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br> v.<br><br>FIFTH THIRD BANCORP, GREG D. CARMICHAEL, and TAYUN TUZUN,<br><br>  Defendants. | Case No. 1:20-cv-02176<br><br>District Judge Sara L. Ellis |
| STEPHEN PEMBERTON, derivatively on behalf of Fifth Third Bancorp,<br><br>  Plaintiff,<br><br> v.<br><br>GREG D. CARMICHAEL, TAYFUN TUZUN, NICHOLAS K. AKINS, JORGE L. BENITEZ, KATHERINE B. BLACKBURN, EMERSON L. BRUMBACK, JERRY W. BURRIS, C. BRYAN DANIELS, THOMAS H. HARVEY, GARY R. HEMINGER, JEWELL D. HOOVER, EILEEN A. MALLESCH, MICHAEL B. MCCALLISTER, and MARSHA C. WILLIAMS,<br><br>  Defendants,<br><br>  and<br><br>FIFTH THIRD BANCORP, Nominal Defendant. | Case No. 1:20-cv-04115<br><br>District Judge Joan B. Gottschall |

| | |
|---|---|
| VINCE G. MEYER, AS TRUSTEE OF THE VINCE G. MEYER TRUST, derivatively on behalf of Fifth Third Bancorp,<br><br>   Plaintiff,<br><br> v.<br><br>GREG D. CARMICHAEL, TAYFUN TUZUN, NICHOLAS K. AKINS, JORGE L. BENITEZ, KATHERINE B. BLACKBURN, EMERSON L. BRUMBACK, JERRY W. BURRIS, C. BRYAN DANIELS, THOMAS H. HARVEY, GARY R. HEMINGER, JEWELL D. HOOVER, EILEEN A. MALLESCH, MICHAEL B. MCCALLISTER, and MARSHA C. WILLIAMS,<br><br>   Defendants,<br><br>   and<br><br>FIFTH THIRD BANCORP, Nominal Defendant. | Case No. 1:20-cv-04244<br><br>District Judge Robert M. Dow Jr. |

## AGREED MOTION TO REASSIGN
## RELATED CASES TO THE HONORABLE SARA L. ELLIS

Pursuant to Northern District of Illinois Local Rule 40.4, Defendants Greg D. Carmichael, Tayfun Tuzun, Nicholas K. Akins, Jorge L. Benitez, Katherine B. Blackburn, Emerson L. Brumback, Jerry W. Burris, C. Bryan Daniels, Thomas H. Harvey, Gary R. Heminger, Jewell D. Hoover, Eileen A. Mallesch, Michael B. McCallister, and Marsha C. Williams and Defendant and Nominal Defendant Fifth Third Bancorp, by and through their undersigned attorneys, respectfully request that this Court reassign two related cases, *Pemberton v. Carmichael*, No. 20-cv-4115 (N.D. Ill.), and *Meyer v. Carmichael*, No. 20-cv-4244 (N.D. Ill.), to the Honorable Sara L. Ellis who is presiding over a first-filed related action, *Heavy & General Laborers' Local 472 & 172 Pension and Annuity Funds v. Fifth Third Bancorp*, No. 20-cv-2176

2

("*Laborers' Funds*"). *Laborers' Funds* is a putative investor class action asserting violations of federal securities laws, and *Pemberton* and *Meyer* are nearly identical shareholder derivative actions that arise from the same alleged facts and circumstances as *Laborers' Funds* and similarly allege violations of the securities laws, among other claims. It will be more efficient for the Court and all parties to have the cases before Judge Ellis.

In support of this agreed motion, Defendants state as follows:

### I.  PROCEDURAL BACKGROUND

1. On April 7, 2020, class member Lee Christakis filed a putative class action asserting that Defendants Fifth Third Bancorp, Greg D. Carmichael, and Tayun Tuzun violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder by issuing false and misleading statements and omissions related to alleged employee misconduct with customer accounts. That case, now captioned *Heavy & General Laborers' Local 472 & 172 Pension and Annuity Funds v. Fifth Third Bancorp*, No. 20-cv-2176 ("*Laborers' Funds*"), is pending before Judge Ellis.

2. On July 13, 2020, plaintiff Stephen Pemberton filed a shareholder derivative action, *Pemberton v. Carmichael*, No. 20-cv-4115, against the officers and directors of Fifth Third Bancorp asserting that they breached their fiduciary duties, were unjustly enriched, wasted corporate assets, and committed violations of Sections 14(a), 10(b), and 20(a) of the Securities Exchange Act. (Dkt. 1, Ex. A.) The claims in *Pemberton* are similarly based on the same alleged employee misconduct with customer accounts. Plaintiff indicated on the civil cover sheet that *Laborers' Funds* is a related case. (Dkt. 2, Ex. B.) The case was assigned to Judge Gottschall.

3

3. On July 17, 2020, Plaintiff's counsel in *Pemberton* filed a second shareholder derivative action, *Meyer v. Carmichael*, No. 20-cv-4244, which is substantially identical to *Pemberton* (together with *Pemberton,* the "Shareholder Derivative Actions"). (Dkt. 1, Ex. C.) Plaintiff indicated on the civil cover sheet that *Pemberton* is a related case. (Dkt 1-4, Ex. C.) The case was assigned to Judge Dow.

## II.     ARGUMENT

4. Local Rule 40.4 provides for cases in the Northern District of Illinois to be reassigned to "promote[] efficient use of judicial resources by minimizing duplication of effort on cases that have a great deal in common." *Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, 2008 WL 1848142, at *2 (N.D. Ill. Apr. 23, 2008). Two showings are required. First, to be eligible for reassignment, cases must be related as defined in Local Rule 40.4(a). Second, if related, a case may be reassigned to the judge presiding over an earlier-numbered case if: "(1) [all] cases are pending in [the Northern District of Illinois]; (2) the handling of [all] cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible to disposition in a single proceeding." L.R. 40.4(b).

5. Here, reassignment is appropriate because *Laborers' Funds* and the Shareholder Derivative Actions meet the requirements of Local Rule 40.4(a) and (b).

**A.     The Lawsuits Are Related Under Local Rule 40.4(a)**

6. *Laborers' Funds* and the Shareholder Derivative Actions are related cases because all three actions "involve some of the same issues of fact or law" and grew "out of the same transaction or occurrence." L.R. 40.4(a)(2)-(3).

4

7. All three actions stem from the Bureau of Consumer Financial Protection's allegations against Fifth Third Bank. (*See Laborers' Funds* Compl. ¶¶ 8, 45; *Pemberton* Compl. ¶ 9; *Meyer* Compl. ¶ 9.) All three actions concern the same period of time. (*See Laborers' Funds* Compl. ¶ 1 ("between February 26, 2016 and March 6, 2020"); *Pemberton* Compl. ¶ 1 ("from February 26, 2016 through present"); *Meyer* Compl. ¶ 5 (same).) And all three actions assert that Fifth Third made false and misleading statements arising out of the same factual circumstances. (*See, e.g., Laborers' Funds* Compl. ¶¶ 5, 39; *Pemberton* Compl. ¶ 5; *Meyer* Compl. ¶ 5.)

8. Relying on allegations made by the Bureau of Consumer Financial Protection, all three actions allege that Fifth Third failed to institute sufficient internal controls to prevent employees from making unauthorized changes to customer accounts. (*See, e.g., Laborers' Funds* Compl. ¶ 39; *Pemberton* Compl. ¶¶ 115-131, 156, 169-173; *Meyer* Compl. ¶¶ 100-116, 153.) The complaints further assert that in light of the alleged unauthorized conduct with customer accounts, Fifth Third made materially false public statements in SEC filings regarding its business operations, compliance programs, and heightened risk of regulatory scrutiny. (*See, e.g., Laborers' Funds* Compl. ¶¶ 5, 39; *Pemberton* Compl. ¶ 5; *Meyer* Compl. ¶ 5.)

9. In addition to the same factual core, the cases involve many of the same issues of law. All three complaints allege, *inter alia*, violations of Sections 10(b) and 20(a) of the Exchange Act. (*See Laborers' Funds* Compl. ¶¶ 57-72; *Pemberton* Compl. ¶¶ 264-274; *Meyer* Compl. ¶¶ 249-259). While *Laborers' Funds* alleges the securities law violations damaged a class of Fifth Third investors, the Shareholder Derivative Actions assert that those same violations damaged Fifth Third itself in connection with stock repurchases. (*See id.*)

10. Accordingly, because the three cases involve overlapping issues of fact and law and grew out of the same transaction or occurrence, they are related under Local Rule 40.4(a).

**B.     The Lawsuits Satisfy the Factors Set Forth in Local Rule 40.4(b)**

11. The requirements set forth in Local Rule 40.4(b) are also met.

12. *First*, all three cases are pending in the Northern District of Illinois.

13. *Second*, the handling of all three cases by a single judge is likely to result in a substantial saving of judicial time and effort as the three cases involve the same underlying factual allegations and require disposition of overlapping legal issues and claims. Reassignment of the Shareholder Derivative Actions will thus conserve the judicial time and effort required to familiarize three separate judges with the same facts and issues. *See Teachers Retirement Sys. of La. v. Black*, 2004 WL 1244236, * 2 (N.D. Ill. Jun. 3, 2004) (reassigning securities fraud case where cases involved the same underlying factual allegations); *cf. Hollinger Int'l, Inc. v. Hollinger, Inc.*, 2004 WL 1102327 (N.D. Ill. May 5, 2004) (denying motion to reassign derivative case where the derivative action was not premised on the same claims as the securities action and did not allege violations of the Securities Exchange Act); *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 2003 WL 21011757 (N.D. Ill. May 5, 2003) (same).

14. *Third*, the first-filed case, *Laborers' Funds*, has not progressed to the point where designating the Shareholder Derivative Actions as related would delay the proceedings. Indeed, an amended complaint will not be filed in *Laborers' Funds* until September 14, 2020.

15. *Fourth*, although *Laborers' Funds* and the Shareholder Derivative Actions cannot be disposed of in a single proceeding, the disposition of the securities fraud claims in *Laborers' Funds* may significantly influence the outcome of the Shareholder Derivative Actions.

16. Counsel for the parties in *Pemberton* and *Meyers* have conferred and agree that the three actions are related and that the Shareholder Derivative Actions should be reassigned to Judge Ellis.

17. Plaintiff's counsel in *Laborers' Funds* have indicated they do not oppose this motion.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court enter an order that the related actions, *Pemberton v. Carmichael*, 20-cv-4115, and *Meyer v. Carmichael*, 20-cv-4244, be reassigned to Judge Ellis.

Dated: July 22, 2020.

        Respectfully submitted,

        */s/* Charles F. Smith
        Charles F. Smith
        Marcella L. Lape
        Katherine F. Morgan
        Daniel J. Scime
        SKADDEN, ARPS, SLATE,
           MEAGHER & FLOM LLP
        155 N. Wacker Drive
        Chicago, IL 60606
        (312) 407-0700
        charles.smith@skadden.com

        Of Counsel:

        Theodore N. Mirvis
        WACHTELL, LIPTON, ROSEN & KATZ
        51 West 52nd Street
        New York, NY 10019
        (212) 403-1204
        TNMirvis@WLRK.com

        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that that a copy of the foregoing Agreed Motion to Reassign Related Cases was filed on July 22, 2020, with the Clerk of Court using the CM/ECF system, which will effect electronic service on all parties and attorneys registered to receive notifications via the CM/ECF system and that a copy of the foregoing was sent to Plaintiffs' counsel in *Pemberton v. Carmichael*, 20-cv-4115, and *Meyer v. Carmichael*, 20-cv-4244, via electronic mail and first class mail the same day.

*/s/* Charles F. Smith
Charles F. Smith
Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 407-0700
Charles.smith@skadden.com

*Counsel for Defendants*