UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| LEE CHRISTAKIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIFTH THIRD BANCORP, et al.,<br><br>Defendants. | Case No. 1:20-cv-02176<br><br><u>CLASS ACTION</u><br><br>Judge Sara L. Ellis |

LEAD PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON
DEFENDANTS' MOTION TO DISMISS (ECF NO. 66)

4836-7031-1912.v1

Pursuant to Federal Rules of Civil Procedure Rule 54(b), Lead Plaintiff Heavy & General Laborers' Local 472 & 172 Pension and Annuity Funds respectfully moves this Court to reconsider its April 27, 2021 Opinion and Order granting Defendants' motion to dismiss Plaintiff's Consolidated Complaint for Violations of the Federal Securities Laws. Specifically, Plaintiff seeks reconsideration of the Court's finding that the Complaint failed to allege facts that give rise to a strong inference of scienter as to defendant Greg D. Carmichael. ECF No. 66 ("MTD Order").

**I.    INTRODUCTION**

The Court's order granting Defendants' motion to dismiss for lack of scienter as to Carmichael reflects an error that warrants reconsideration. While Plaintiff appreciates the Court's time and effort considering this case, in finding that "all that the allegations concerning the CIDs demonstrate at this stage is that Carmichael knew of the investigation, not necessarily of the problem itself," the Court appears to have overlooked a critical and well-pleaded fact in support of Plaintiff's Section 10(b) claim that adequately alleges that Carmichael acted with scienter in connection with certain misleading statements he made. MTD Order at 29.

The Court and Defendants acknowledge that Carmichael received a Civil Investigative Demand ("CID") from the Consumer Financial Protection Bureau ("CFPB") just days before the start of the Class Period. And this CID notified Carmichael not just that the CFPB was investigating Fifth Third, but that the CFPB was investigating the bank for unauthorized transactions on behalf of the Company's customers, including opening accounts and providing services without customer consent or knowledge. ¶21; MTD Order at 2-3.[1] Further, Defendants admit that bank employees opened unauthorized accounts from at least 2010-2016 and do not deny that they knew about these

---

[1] All "¶_" and "¶¶_" references are to the Consolidated Complaint for Violations of the Federal Securities Laws (ECF No. 53). All citations are omitted and emphasis is added unless otherwise noted.

- 1 -

unauthorized accounts and the specific problems identified in the CID when Carmichael spoke to investors. ECF Nos. 59-6, 60 at 27-28.

The Court, however, failed to provide Plaintiff the benefit of the plausible inference that—based on the CID, the other investigative demands that followed, and Defendants' admission that bank employees opened unauthorized accounts from 2010-2016—Carmichael knew of the specific problems underlying the CFPB investigation regarding the unauthorized accounts and predatory consumer practices at Fifth Third by the start of the Class Period but knowingly failed to disclose that information to investors. This failure to disclose made Carmichael's Class Period statements about Fifth Third's risk disclosures, risk management practices, Code of Business Conduct and Ethics and consumer business knowingly misleading. Accordingly, for the reasons set for the below, Plaintiff respectfully requests that the Court exercise its discretion to reconsider its MTD Order as to Carmichael.

## II.   STANDARD FOR MOTION FOR RECONSIDERATION UNDER RULE 54(b)

Since the MTD Order was issued without prejudice and granted Plaintiff leave to file an amend complaint, a motion to reconsider the Order is properly governed by Rule 54(b), which provides that non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012) (stating "Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of judgment"); *see also Patrick v. City of Chicago*, 103 F. Supp. 3d 907, 911-12 (N.D. Ill. 2015) (Under Rule 54(b) "the Court may, at its discretion, reconsider its ruling on Defendants' motions to dismiss.").[2]

---

[2]   Should the Court find that Rule 54(b) does not apply, Plaintiff respectfully requests that the Court alternatively consider Plaintiff's motion for reconsideration under Rule 59(e). Both Rules "are judged by largely the same standards." *See Johnke v. Espinal-Quiroz*, 2018 WL 3361888, at *3 (N.D. Ill. July 9, 2018)

- 2 -

The basic function of a motion to reconsider under Rule 54(b) is to "'correct manifest errors of law or fact or to present[] newly discovered evidence.'" *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264. 1269 (7th Cir. 1996). A motion for reconsideration is proper where the court "'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990); *Swervo Entm't Grp., LLC v. Mensch*, 2017 WL 11562550, at *2 (N.D. Ill. Oct. 16, 2017) (Reconsideration is appropriate where the Court has "misunderstood a party or made an error of apprehension, or to correct an error of law or fact."). Whether to grant a motion for reconsideration is "entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *see also United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010).

As discussed below, at issue here is the clear error in dismissing Plaintiff's claims against Carmichael on the basis of scienter without providing Plaintiff all plausible inferences that Carmichael acted with scienter because he knew of the CFPB investigation and its specific allegations regarding the unauthorized accounts and predatory consumer practices at Fifth Third by the start of the Class Period (an uncontested fact), which made his public statements knowingly misleading. ¶¶21-26; 56, 63, 69, 81; MTD Order at 8-16.

### III. THE COURT'S DISMISSAL OF PLAINTIFF'S CLAIMS AGAINST CARMICHAEL WAS CLEAR ERROR WARRANTING RECONSIDERATION UNDER RULE 54(b)

One of the Complaint's critical allegations supporting scienter that Plaintiff believes the Court overlooked is Carmichael's knowledge at the start of the Class Period of the CFPB

---

("The Court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial, points to evidence in the record that clearly establishes a manifest error of law or fact, or if the Court previously misunderstood a party's arguments.").

investigation and its specific allegations regarding the unauthorized accounts and predatory consumer practices at Fifth Third, which made his Class Period statements knowingly misleading. ¶¶22, 56, 63, 69, 81. While the MTD Order correctly acknowledges that "Carmichael knew of the investigation," it wrongly assumes that he did "not necessarily [know] of the problem itself." MTD Order at 29. But, as alleged, the CID Carmichael received on November 3, 2016, and the five other CFPB investigative demands that followed, apprised Carmichael of the "Specific Sales Practices" at Fifth Third that the CFPB was investigating, which included unauthorized accounts and predatory consumer practices at Fifth Third. ¶21. This alone supports a plausible inference of scienter that Carmichael knew about the investigation and the alleged unauthorized conduct that was taking place at Fifth Third, along with the serious risks and legal consequences the investigation posed to the Company, particularly in light of an industry-wide government crack-down on such conduct that started with similar misconduct at Wells Fargo. Despite knowing about the CFPB investigation and the basis for it, Carmichael caused Fifth Third to issue materially misleading statements concerning the Company's risk disclosures, risk management practices, Code of Business Conduct and Ethics and consumer business that concealed the CFPB investigation. ¶¶52-55, 58-62, 65-68, 70-76, 79-80. *Higginbotham v. Baxter Int'l, Inc.*, 495 F.3d 753, 756 (7th Cir. 2007) (the required state of mind under the PSLRA "is an intent to deceive, demonstrated by knowledge of the statement's falsity or reckless disregard of a substantial risk that the statement is false").[3]

---

[3] In the MTD Order, the Court cites *Higginbotham* in support of its finding that Carmichael did not act with scienter. MTD Order at 29. But the scienter analysis in *Higginbotham* is distinguishable from this case because the Complaint's allegations of scienter here are based on knowledge of the CID itself and its specific basis in the unauthorized accounts and predatory consumer practices at Fifth Third and its concealment by Defendants, which made Defendants' Class Period statements false and materially misleading. *See* ¶¶56, 63, 69, 81. Moreover, the facts alleged in *Higginbotham* are materially different from those alleged here. In *Higginbotham*, the plaintiffs alleged that defendants "had been notified of fraud by an employee in Brazil 'sometime in the May time frame' and that an anonymous source supposedly told [the company's] CEO about the fraud during the first half of May. The court concluded that these two 'tidbits' of information did not

For example, the Complaint alleges that even though the CFPB investigation (and its specific allegations regarding the unauthorized accounts and predatory consumer practices at Fifth Third) was already known to Carmichael, he knowingly caused Fifth Third to issue misleading risk disclosures that stated "a violation of law or regulation by another financial institution *may give rise* to an inquiry or investigation by regulators or other authorities of the same or similar practices by Fifth Third," and "Fifth Third is also subject to risk from *potential employee misconduct*, including non-compliance with policies and improper use . . . of confidential information," when in fact these risks had already materialized. ¶¶24, 52-56. Similarly, the Complaint alleges that statements contained in Fifth Third's Code of Business Conduct and Ethics, which included a message from Carmichael, were knowingly misleading because of the ongoing CFPB investigation into unauthorized accounts and predatory consumer practices at Fifth Third, which was targeting the very practices the Code identified as unethical. ¶¶64-69. Likewise, the Complaint alleges that the statements in Fifth Third's SEC filings about its risk management practices were knowingly misleading because they omitted any mention of the CFPB investigation and its specific allegations regarding the unauthorized accounts and predatory consumer practices at Fifth Third. ¶¶58-62, 63 ("The statements identified in ¶¶58-62, were materially false and misleading and omitted material facts because Defendants failed to disclose that Fifth Third was already in receipt of an Investigative Demand from the CFPB, which informed Defendants that CFPB was investigating Fifth Third for its unauthorized account practices . . . .").

---

qualify as 'compelling' evidence that the individuals who had signed the company's 10-Q report had actual knowledge that a fraud had occurred in the company's Brazilian operation." *Sec. & Exch. Comm'n v. AgFeed Indus., Inc.*, 2016 WL 10934942, at *13 (M.D. Tenn. July 21, 2016) (distinguishing Higginbotham and noting, "[a]s *Higginbotham* makes clear, managers cannot tell lies"). As in *AgFeed*, Plaintiffs here "allege[s] facts showing that the defendants knew or were reckless in not knowing that [their public statements] were false at the time they were made," including facts in the CID and other facts Carmichael has not disputed concerning their knowledge of the unauthorized accounts. *Id.* at *13. *See also supra* at 5-6 (citing ECF Nos. 59-6, 60 at 27-28).

4836-7031-1912.v1

Thus, the allegation that Carmichael received the CID before the Class Period, and therefore knew of the CFPB's investigation and its specific allegations regarding the unauthorized accounts and predatory consumer practices at Fifth Third, by itself demonstrates that Carmichael knew these statements were materially misleading because they implicated but concealed the CFPB investigation and its substantive problems underlying the investigation. The court in *In re BioScrip, Inc. Sec. Litig.*, 95 F. Supp. 3d 711 (S.D.N.Y. 2015), considered a nearly identical circumstance and found that Defendants' failure to disclose a CID not only rendered its statements about potential investigations and compliance misleading, but that "Plaintiffs have therefore plausibly alleged scienter regarding omission of the CID in relation to the legal compliance statements" because compliance statements are necessarily statements of opinion, and under *Omnicare*, "[w]here plaintiffs allege a false statement of opinion, 'the falsity and scienter requirements are essentially identical' because 'a material misstatement of opinion is by its nature a false statement, not about the objective world, but about the defendant's own belief'":

> BioScrip had the CID in hand when it made the legal compliance statements, yet elected not to disclose the CID's existence in order to make fully clear the basis for its opinions. . . . This satisfies scienter under both *Fait* and *Omnicare*. First, it means that Plaintiffs have plausibly alleged that BioScrip subjectively knew about the CID, which identified conduct potentially implicating BioScrip in the Government's investigation, yet nonetheless stated publicly that they were in legal compliance. Second, it provides an adequate allegation that BioScrip was reckless in electing to withhold knowledge of the CID, despite its significant role in formulating a basis of belief that BioScrip was in legal compliance.

*BioScrip*, 95 F. Supp. 3d at 725-31; *see also Flynn v. Sientra, Inc.*, 2016 WL 3360676, at *1-*2, *4, *11 (C.D. Cal. June 9, 2016) (warnings that risk of regulatory requirements "could impair" company's financial condition were actionable under Rule 10(b) because plaintiffs alleged that "serious regulatory issues had already transpired by the time these statements were made and that [defendants] knew or recklessly disregarded the existence of these issues").

Plaintiff's allegations regarding the substance of the CID, and Carmichael's knowledge of the

- 6 -

problem underlying the CFPB investigation are bolstered by Defendants' admission that bank employees opened unauthorized accounts from 2010-2016 and their concession that they knew about these unauthorized accounts or the CID when Carmichael spoke, as both the CFPB and Plaintiff allege. *See* ECF No. 59-6 (acknowledging that bank employees opened 1,100 unauthorized accounts "between 2010 and 2016" involving "improper customer charges that were ultimately waived or reimbursed to customers ***years ago***"); *see also* ECF No. 60 at 27-28 ("Defendants do not dispute that '[b]y 2010, at the latest, Fifth Third was aware that employees were opening products and services in consumers' names without those consumers' knowledge or consent in order to achieve sales goals or obtain incentive rewards.' ¶¶35-36.").

By dismissing Plaintiff's Complaint on the basis of scienter, Plaintiff respectfully submits that the Court erred in that it overlooked the well-pleaded allegation that Carmichael knew not only of the CFPB investigation, but its specific allegations regarding the unauthorized accounts and predatory consumer practices at Fifth Third. When viewed in totality with the other scienter allegations (¶¶98-125), this critical allegation supports Plaintiff's claim that Carmichael acted with the requisite scienter when he caused the Company to issues materially misleading statements about Fifth Third's purported risk disclosures, risk management practices, Code of Business Conduct and

Ethics and consumer business.  Thus, Plaintiff's motion for reconsideration should be granted.[4]

DATED:  May 11, 2021

ROBBINS GELLER RUDMAN
  & DOWD LLP
TOR GRONBORG
LAURIE L. LARGENT
CHRISTOPHER R. KINNON


        s/ Christopher R. Kinnon
CHRISTOPHER R. KINNON

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
torg@rgrdlaw.com
llargent@rgrdlaw.com
ckinnon@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
BRIAN E. COCHRAN (IL Bar # 6329016)
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
bcochran@rgrdlaw.com

Lead Counsel for [Proposed] Lead Plaintiff

---

[4] If the Court finds scienter as to Carmichael, then the Court should also find Fifth Third acted with scienter. *See* Order at 28 ("the scienter of their agents must be imputed to [corporations]") (quoting *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1254 (11th Cir. 2008)).

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 11, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

    s/ Christopher R. Kinnon
CHRISTOPHER R. KINNON

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: ckinnon@rgrdlaw.com

4836-7031-1912.v1

# Mailing Information for a Case 1:20-cv-02176 Heavy & General Laborers' Local 472 & 172 Pension and Annuity Funds et al v. Fifth Third Bancorp et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Brian E. Cochran**
  BCochran@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Anthony Fata**
  afata@caffertyclobes.com

- **Carol V Gilden**
  cgilden@cohenmilstein.com,lhoeksema@cohenmilstein.com,efilings@cohenmilstein.com

- **Tor Gronborg**
  torg@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Christopher R. Kinnon**
  Ckinnon@rgrdlaw.com

- **Marcella Louise Lape**
  marcella.lape@skadden.com,chdocket@skadden.com

- **Laurie Largent**
  LLargent@rgrdlaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Katherine Fletcher Morgan**
  katherine.morgan@skadden.com,chdocket@skadden.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Daniel James Scime**
  daniel.scime@skadden.com,chdocket@skadden.com

- **Elizabeth Anne Simon**
  elizabeth.simon@skadden.com,chdocket@skadden.com

- **Charles F. Smith , Jr**
  cfsmith@skadden.com,chdocket@skadden.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`