**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HEAVY & GENERAL LABORERS' LOCAL 472 & 172 PENSION AND ANNUITY FUNDS et al., individually and on behalf of all others similarly situated, | Case No. 1:20-cv-02176 |
| Plaintiff, | District Judge Sara L. Ellis |
| v. | |
| FIFTH THIRD BANCORP, GREG D. CARMICHAEL, and TAYFUN TUZUN, | |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR**
**RECONSIDERATION OF THE COURT'S ORDER ON MOTION TO DISMISS**

Defendants respectfully submit this memorandum in opposition to Lead Plaintiff's

Motion (ECF No. 67, the "Motion") to Reconsider the Court's Opinion and Order granting

Defendants' motion to dismiss the consolidated complaint without prejudice (ECF No. 66, the

"Decision").

**I. PRELIMINARY STATEMENT**

A motion to reconsider should be as rare as a Super Bowl victory by the Bears has been.

The very premise of such a motion is that the Court did not pay sufficient attention to the briefs

and somehow missed an issue of fact or law so significant as to require a change in the result.

The motion itself imposes costs on both the Court and the opposing party, usually for no reason.

That is the case here, where the Court gave Plaintiff the opportunity to amend its complaint to try

to remedy its failure to allege facts giving rise to a strong inference of scienter on the part of any

Defendant. (*See* ECF No. 66 at 35-36.) But instead of filing an amended complaint, Plaintiff

instead filed the Motion for Reconsideration offering warmed-over arguments from its unsuccessful opposition to Defendants' motion to dismiss. The Court has already rejected those arguments, and there is no reason to revisit that determination.

Plaintiff fails in its Motion to demonstrate that the Decision contained any error, let alone the manifest error that reconsideration requires. In fact, Plaintiff does nothing more than argue for a second time that Carmichael's receipt of Civil Investigative Demands ("CIDs") from the Consumer Financial Protection Bureau ("CFPB") and knowledge of what the CFPB was investigating leads to a "plausible inference" of scienter. But the Court considered and properly rejected this argument in the Decision, and Plaintiff produces no binding case law, new or otherwise, and identifies no specific facts that would upend the Court's conclusion that Plaintiff failed to allege scienter. Because Plaintiff identifies no error in the Court's well-reasoned conclusion, Plaintiff's Motion should be denied.

## II. ARGUMENT

### A. Plaintiff Fails To Satisfy The Strict Standard For Reconsideration

Motions for reconsideration "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Zurich Cap. Mkts. Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005) (*quoting Publishers Res. Inc. v. Walker–Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)). As the Seventh Circuit has cautioned, appropriate issues for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). This is because court orders are "not intended as mere first drafts, subject to revision and

2

reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988).

A manifest error of law or fact occurs where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee*, 906 F.2d at 1191 (*quoting Above the Belt, Inc.*, 99 F.R.D. at 101). Importantly, a manifest error cannot be established by "rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (collecting cases). Yet that is precisely what Plaintiff attempts here.

Instead of identifying a misunderstanding or an error of apprehension, Plaintiff argues that the Court should reconsider its judgment that Carmichael's receipt of the CFPB's CID does not gives rise to a strong inference of scienter. But, as Plaintiff itself points out, it made exactly the same argument in its opposition to the motion to dismiss. (*Compare* ECF No. 60 at 27-28 *with* ECF No. 67 at 6-7.) This Court considered and rejected that argument and concluded that "all that the allegations concerning the CIDs demonstrate at this stage is that Carmichael knew of the investigation, not necessarily of the problem itself." (ECF No. 66 at 29.) Plaintiff may disagree with the Court, but simply recycling losing arguments, as Plaintiff does here, does not establish manifest error on the part of the Court.

## B. The Court Correctly Found That Plaintiff Failed To Plead Scienter

Even if it were proper to rehash previously-rejected arguments on a motion to reconsider, the Motion would still fail. The PSLRA requires Plaintiff, "with respect to each act or omission[,] . . . [to] state with particularity facts giving rise to a ***strong inference*** that the defendant acted with [an intent to deceive]." 15 U.S.C. § 78u–4(b)(2) (emphasis added); *Higginbotham v. Baxter Int'l, Inc.*, 495 F.3d 753, 756 (7th Cir. 2007). To demonstrate a "strong

3

inference" of scienter, Plaintiff must allege facts sufficient for a "reasonable person [to] deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 310 (2007).

Plaintiff falls a mile short of meeting this standard. At most, Plaintiff alleges that, during the Class Period, Defendant Carmichael received the CIDs and knew of the CFPB investigation and that the CFPB was investigating whether or not employees had engaged in unauthorized account activity. But no allegations in the Complaint support a finding or inference that employees were engaged in widespread misconduct during the Class Period, that Carmichael knew of widespread misconduct, or that Carmichael knew that such conduct rendered statements in Fifth Third's public filings false or misleading.[1] *See, e.g., Higgonbotham*, 495 F.3d at 758 (knowledge of accusations of fraud is not the same as knowledge of fraud). Remarkably, even Plaintiff itself argues in the Motion for Reconsideration that the facts alleged lead to a "plausible inference of scienter" (*see* ECF No. 67 at 4); *not* to a *strong* inference that Carmichael acted with an intent to deceive.

Accordingly, Plaintiff has not established – let alone *clearly* established – that this Court's decision represented the "wholesale disregard, misapplication or failure to recognize controlling precedent." *Cato v. Thompson*, 118 F. App'x 93, 96 (7th Cir. 2004) (*quoting Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 1999)). To the contrary, this Court applied the plain language of the PSLRA and controlling Seventh Circuit precedent, *Higginbotham v. Baxter International Inc.*, 495 F.3d 753, 756 (7th Cir. 2007), in a straightforward and reasonable way in

---

[1] To the extent Plaintiff implies otherwise, Fifth Third's March 9, 2020 8-K does not suggest Carmichael knew of misconduct at Fifth Third, much less pervasive misconduct, or acted with the requisite scienter. As explained in Fifth Third's motion to dismiss, "throughout the three-plus year CFPB investigation, Fifth Third identified fewer than 1,100 potentially unauthorized accounts out of more than 10 million opened between 2010 and 2016, representing just .01% of all accounts and an average of less than one account per branch office over the six-year timeframe." (ECF No. 59 at 12.)

holding that Plaintiff failed to adequately allege that Carmichael acted with the requisite scienter.

(*See* ECF No. 66 at 31.) Plaintiff obviously disagrees with the Court's decision, but simply

repeating its losing arguments does not establish a manifest error.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Motion be denied.

Dated: June 22, 2021

Respectfully submitted,

*/s/ Marcella L. Lape*
Charles F. Smith
Marcella L. Lape
Katherine F. Morgan
Elizabeth A. Simon
Daniel J. Scime
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
155 N. Wacker Drive
Chicago, IL 60606
(312) 407-0700
marcie.lape@skadden.com

Of Counsel:

Scott D. Musoff
 SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001-8602
(212) 735-3000
scott.musoff@skadden.com

*Attorneys for Defendants*