UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| LEE CHRISTAKIS, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No.  1:20-cv-02176 |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | |
| | ) | Judge Sara L. Ellis |
| vs. | ) | |
| | ) | |
| FIFTH THIRD BANCORP, et al., | ) ) | |
| | ) | |
| Defendants. | ) ) | |
| | ) | |

REPLY MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR
RECONSIDERATION OF THE COURT'S ORDER ON DEFENDANTS' MOTION TO
DISMISS (ECF NO. 66)

4826-0719-4096.v1

Lead Plaintiff respectfully submits this reply memorandum in response to Defendants' opposition brief, ECF No. 71, and in further support of Lead Plaintiff's Motion to Reconsider the Court's Order granting Defendants' motion to dismiss, ECF No. 67.

## I.    ARGUMENT

There is no dispute that motions for reconsideration should be the exception and "serve the limited purpose to correct manifest errors of law or fact or to present newly discovered evidence." *Knowles Elecs., LLC v. Analog Devices Inc.*, 2013 WL 616950, at \*1 (N.D. Ill. Feb. 19, 2013)[1] (granting motion for reconsideration).  But that is no reason to disparage the Bears' Super Bowl chances.  And it does not change the fact that such motions for reconsideration are appropriate and "serve[] an important  function where," as here, "the 'court has misunderstood a party'" or "'made an error of apprehension.'"  *Id*.; *Swervo Ent. Grp., LLC v. Mensch*, 2017 WL 11562550, at \*2 (N.D. Ill. Oct. 16, 2017).  Defendants' authorities are not to the contrary.

In asserting that Plaintiff's narrow Motion merely restates Plaintiff's previously-rejected arguments, Opp. at 3, Defendants skate past Plaintiff's point.  The Motion argues that the Court overlooked the Complaint's allegation that the CFPB CID sent to Defendant Carmichael before the Class Period informed him not just of the CFPB's investigation, but "***of the problem itself***."  Mtn. at 3-4.  As the Complaint notes, the November 3, 2016 CID addressed to Carmichael informed him of the specific "alleged unauthorized conduct that was taking place at Fifth Third, along with the serious risks and legal consequences the investigation posed to the Company, particularly in light of an industry-wide government crack-down on such conduct."  *Id*.  Carmichael's knowledge of these highly specific CFPB allegations of unauthorized accounts thus establishes that he knew his Class Period statements were false when he made them or recklessly disregarded a substantial risk that the

---

[1]     All citations and footnotes are omitted and emphasis is added unless otherwise noted.

statements were false. *Higginbotham v. Baxter Int'l, Inc.*, 495 F.3d 753, 756 (7th Cir. 2007). By overlooking this key allegation, the Court failed to provide Plaintiff all plausible inferences that Carmichael acted with scienter.

Indeed, Defendants' Opposition concedes that Plaintiff has plausibly alleged that Carmichael "knew of the CFPB investigation *and that the CFPB was investigating whether or not employees had engaged in unauthorized account activity*." Opp. at 4. Carmichael's undisputed knowledge of the particular CFPB allegations concerning unauthorized account activities at Fifth Third demonstrates that he was, at minimum, reckless in disregarding substantial risk that his statements concerning the Bank's risk disclosures, risk management practices, Code of Business Conduct and Ethics, and its consumer business were false. Mtn. at 4.

Defendants also ignore Plaintiff's apposite authority demonstrating that, by pleading Carmichael's knowledge of the CID and its particularized allegations of unauthorized accounts, Plaintiff has sufficiently alleged his scienter. For example, Plaintiff's motion cites *In re BioScrip, Inc. Sec. Litig.*, 95 F. Supp. 3d 711 (S.D.N.Y. 2015). Mtn. at 6. In *BioScrip*, the court held that a defendant's receipt of a CID, like the one Carmichael received here, rendered its public statements knowingly or recklessly misleading. Noting that statements about compliance are statements of opinion, the court observed that under *Omnicare*, the falsity and scienter requirements for opinion statements merge because "'"a material misstatement of opinion is by its nature a false statement, not about the objective world, but about the defendant's own belief."'" *Id*. at 725-33. As in *BioScrip*, Plaintiff here has plausibly alleged that Carmichael "subjectively knew about the CID, which identified conduct potentially implicating [Fifth Third] in the Government's investigation, yet nonetheless stated publicly that they were in legal compliance." *Id*.

- 2 -

## II.    CONCLUSION

Given the foregoing, the Court should grant Plaintiff's motion for reconsideration.

DATED:  June 28, 2021                         ROBBINS GELLER RUDMAN
                                                 & DOWD LLP
                                              TOR GRONBORG
                                              LAURIE L. LARGENT
                                              CHRISTOPHER R. KINNON


                                                   s/ CHRISTOPHER R. KINNON
                                              CHRISTOPHER R. KINNON

                                              655 West Broadway, Suite 1900
                                              San Diego, CA  92101
                                              Telephone:  619/231-1058
                                              619/231-7423 (fax)
                                              torg@rgrdlaw.com
                                              llargent@rgrdlaw.com
                                              ckinnon@rgrdlaw.com

                                              ROBBINS GELLER RUDMAN
                                                 & DOWD LLP
                                              BRIAN E. COCHRAN (IL Bar # 6329016)
                                              200 South Wacker Drive, 31st Floor
                                              Chicago, IL  60606
                                              Telephone:  312/674-4674
                                              312/674-4676 (fax)
                                              bcochran@rgrdlaw.com

                                              Lead Counsel for [Proposed] Lead Plaintiff

- 3 -

4826-0719-4096.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on June 28, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher R. Kinnon
CHRISTOPHER R. KINNON

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: ckinnon@rgrdlaw.com

4817-7180-1578.v1

# Mailing Information for a Case 1:20-cv-02176 Heavy & General Laborers' Local 472 & 172 Pension and Annuity Funds et al v. Fifth Third Bancorp et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Brian E. Cochran**
  BCochran@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Anthony Fata**
  afata@caffertyclobes.com

- **Carol V Gilden**
  cgilden@cohenmilstein.com,lhoeksema@cohenmilstein.com,efilings@cohenmilstein.com

- **Tor Gronborg**
  torg@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Christopher R. Kinnon**
  Ckinnon@rgrdlaw.com

- **Marcella Louise Lape**
  marcella.lape@skadden.com,chdocket@skadden.com

- **Laurie Largent**
  LLargent@rgrdlaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Katherine Fletcher Morgan**
  katherine.morgan@skadden.com,chdocket@skadden.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Daniel James Scime**
  daniel.scime@skadden.com,chdocket@skadden.com

- **Elizabeth Anne Simon**
  elizabeth.simon@skadden.com,chdocket@skadden.com

- **Charles F. Smith , Jr**
  cfsmith@skadden.com,chdocket@skadden.com

## Manual Notice List

Case: 1:20-cv-02176 Document #: 72 Filed: 06/28/21 Page 7 of 7 PageID #:1160

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)