UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEAVY & GENERAL LABORERS' LOCAL 472 & 172 PENSION AND ANNUITY FUNDS et al., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIFTH THIRD BANCORP, GREG D. CARMICHAEL, and TAYFUN TUZUN,<br><br>Defendants. | No. 20 C 2176<br><br>Judge Sara L. Ellis |

**ORDER**

The Court denies Lead Plaintiff Heavy & General Laborers' Local 472 & 172 Pension and Annuity Funds ("Lead Plaintiff") motion for reconsideration [67]. The Court gives Lead Plaintiff until October 8, 2021 to file an amended complaint. See Statement for further details.

**STATEMENT**

An individual shareholder brought a putative securities class action lawsuit on behalf of herself and all others who purchased common stock in Fifth Third Bancorp ("Fifth Third") from November 9, 2016 and March 6, 2020 (the "Class Period"), alleging that Defendants Fifth Third and its officers Greg D. Carmichael and Tayfun Tuzun engaged in federal securities fraud. After the Court appointed putative class member Heavy & General Laborers' Local 472 & 172 Pension and Annuity Funds as Lead Plaintiff, it filed a consolidated complaint. On April 26, 2021, the Court dismissed Lead Plaintiff's consolidated complaint, finding that Lead Plaintiff had failed to allege facts that gave rise to a strong inference of scienter on the part of any Defendant. Doc. 66. Instead of filing an amended complaint, Lead Plaintiff filed a motion for reconsideration, arguing that the Court overlooked certain facts in coming to its conclusion regarding Carmichael's and derivatively Fifth Third's scienter.

Federal Rule of Civil Procedure 54(b) provides that a court may reconsider an interlocutory ruling "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Motions for reconsideration serve a limited purpose and are "only appropriate where the court has misunderstood a party, where a court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales,*

*Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)), *overruled on other grounds*, *Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). A motion for reconsideration "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *Cnty. of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 819 (7th Cir. 2006) (citation omitted) (internal quotation marks omitted).

      Lead Plaintiff argues that the Court committed a clear error by failing to provide Lead Plaintiff with the benefit of the plausible inference that Carmichael acted with scienter because he knew of the Consumer Financial Protection Bureau ("CFPB") investigation and the unauthorized accounts and predatory consumer practices at Fifth Third by the time the Class Period began. In deciding Defendants' motion to dismiss, the Court considered Lead Plaintiff's allegations concerning the notice provided to Carmichael by the CFPB's civil investigation demands ("CIDs"). Taking into account all the allegations related to the CIDs, the Court determined that "[i]nstead of alleging knowledge of the omitted facts, however, all that the allegations concerning the CIDs demonstrate at this stage is that Carmichael knew of the investigation, not necessarily of the problem itself." Doc. 66 at 29. Lead Plaintiff now argues that, in reaching this conclusion, the Court failed to account for the allegations in the consolidated complaint that described the specific sales practices that the CFPB indicated it was investigating in the CIDs. But the Court's opinion disproves this argument; the Court specifically acknowledged these allegedly overlooked allegations just two sentences before reaching its conclusion that such allegations did not suffice to suggest that Carmichael knew of the problem itself. *See id*. ("According to Lead Plaintiff, these demands apprised Carmichael of the CFPB's investigation into specific allegedly problematic sales practices at Fifth Third, namely that employees were opening unauthorized accounts."). Although Lead Plaintiff disagrees with the Court's reasoning and argues that the case on which it relied, *Higginbotham v. Baxter International, Inc.*, 495 F.3d 753, 758 (7th Cir. 2007), is distinguishable, such arguments are not proper subjects of reconsideration. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."); *Bank of Waunakee*, 906 F.2d at 1191 (reconsideration proper where a court has "made an error *not of reasoning*, but of apprehension" (emphasis added) (citation omitted)).

      Therefore, the Court denies Lead Plaintiff's motion for reconsideration. The Court expresses no opinion on whether Lead Plaintiff can satisfy the pleading requirements of the PSLRA in an amended complaint. The Court gives Lead Plaintiff until October 8, 2021 to file such an amended complaint, in which Lead Plaintiff can expand on the allegations it emphasizes in this motion for reconsideration.

Date: September 7, 2021                                                           /s/ Sara L. Ellis
                                                                                      Sara L. Ellis
                                                                                      United States District Judge